IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHAWNEICE MCDADE<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Civil Action No. 3:19-CV-1604-E |

## JOINT STATUS REPORT

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and the Court's September 9, 2019 order (Doc. 11), counsel for Plaintiff Shawneice McDade and counsel for Defendant United States of America conferred in person on September 19, 2019 regarding this case. As a result of that conference and in compliance with the Court's Order, the parties submit the following Joint Report.

**1.   A brief statement of the nature of the case, including the contentions of the parties.**

    (a)   <u>Nature of the Case</u>.

This case is a tort claim under the Federal Tort Claims Act ("FTCA") regarding an April 10, 2018 motor vehicle accident involving both Plaintiff Shawneice McDade and a United States Postal Service employee, Jose Benitez.

    (b)   <u>Plaintiff's Statement.</u>

Plaintiff contends that on April 10, 2018 she was the driver of a vehicle traveling southbound on the service road of North Stemmons Freeway within the city limits of

Dallas, Dallas County, Texas.  Driver Jose Benitez, was operating a United States Postal Service boxtruck, and was traveling westbound on Commonwealth Drive.  Plaintiff contends that Jose Benitez failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances, failed to stop at a red light, failed to yield the right-of-way in violation of Texas Transportation Code Section 545.151, entered the intersection when it was unsafe to do so, failed to timely apply the brakes of his vehicle in order to avoid the collision in question and failed to safely operate his vehicle.  Plaintiff contends at the time of the collision driver Jose Benitez was in the course and scope of his employment with Defendant United States of America.

    (c)    <u>Defendant's Statement.</u>

The United States admits that on April 10, 2018, USPS employee Benitez was operating a vehicle owned by the USPS, but contends that his motor vehicle made contact with McDade's vehicle as the result of McDade's own negligence.  The United States denies that its conduct caused or contributed to any of McDade's alleged injuries or damages.  Specifically, the United States believes that any alleged injuries suffered by McDade resulted from physical and/or medical conditions or accidents that pre-existed or were subsequent to the incident at issue in the Complaint, and were therefore not caused by the incident at issue in the Complaint.  The United States further believes that McDade's own negligent acts or omissions caused or contributed to her alleged injuries.

**Joint Status Report – Page 2**

2. **Any challenge to jurisdiction or venue, including any procedural defects in the removal, if this case was removed.**

None at this time.

3. **Any pending motions.**

None at this time.

4. **Any matters which require a conference with the court.**

None at this time.

5. **Likelihood that other parties will be joined or the pleadings amended.**

The parties do not anticipate that any other parties will need to be joined. The parties propose December 18, 2019 as the deadline for filing any motions for leave to do so, should the need arise.

Similarly, the parties do not anticipate that the pleadings will be amended. The parties propose December 18, 2019 as the deadline for amended pleadings, should the need arise.

6. **(a) An estimate of the time needed for discovery, with reasons, (b) a specification of the subjects on which discovery may be needed, and (c) whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

The parties propose a discovery deadline of June 30, 2020. The parties anticipate both written discovery and depositions of various witnesses, including, but not limited to, Plaintiff, driver Jose Benitez, Defendant's corporate representative(s), Plaintiff's treating physicians, and the parties' designated experts (to the extent any expert witnesses are disclosed by either party). The parties also agree that some non-party discovery may be needed. Discovery need not be conducted in phases, but discovery should be limited to

the subject matter related to McDade's claims, including any damages, and the United States' defenses and affirmative defenses.

7.  **Any issues related to disclosure or discovery of electronically stored information, including the form or forms (i.e., TIF, PDF, or native; with or without metadata; searchable or not) in which it should be produced.**

    The parties agree that, in response to a written discovery request for electronically stored information, the parties will conduct searches of electronic discovery through key word searches of relevant databases and/or devices.

    The parties have also agreed to initially produce paper or portable document format (.pdf) copies of a produced document that is stored in an electronic format.  The parties do not anticipate any disputes regarding the disclosure or discovery of ESI at this time.  Should a need to obtain the document in another format arise, the parties will discuss the matter, attempt to resolve it, and involve the Court only if necessary.  For efficiency, the parties agree that they may produce documents electronically in a .pdf format via either CD, e-mail, flash drive, or secure FTP network.

8.  **Any issues relating to claims of privilege or of protection as trial-preparation material, including—if the parties agree on a procedure to assert such claims after production—whether they will be asking the Court to include their agreement in an order.**

    None at this time.  The parties agree to continue discussions throughout discovery and, if necessary, to request the Court sign and enter a protective order if appropriate.

9.  **What changes, if any, should be made in the limitations on discovery imposed under the Federal rules or by local rule, and what other limitations should be imposed.**

    Plaintiff requests that Plaintiff be allowed to prove up the reasonableness and

necessity of past medical expenses by affidavits executed in conformity with the requirements and deadlines set forth in section 18.001of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, and in turn, that Defendant may challenge the reasonableness and necessity of Plaintiff's past medical expenses by filing counter-affidavits executed in conformity with the requirements and deadlines set forth in section 18.001of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

Defendant does not agree with Plaintiff's proposed modification to the limitations on discovery under the Federal Rules as stated above, as Section 18.001 is a procedural statute and does not apply in federal court under the *Erie* doctrine. Defendant further requests that, before any ruling by this Court on this proposed modification, the parties be allowed to present briefing on the issue.

**10. Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c).**

None at this time.

**11. Proposed deadlines with specific dates that limit the time to
(a) join other parties and to amend the pleadings;**

See item 5 above.

**(b) file motions, including summary judgment and other dispositive motions;**

The parties propose that all motions, including all dispositive motions and any objections to expert testimony, be filed by July 15, 2020.

**(c) complete discovery; and**

See item 6 above.

> **(d) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2).**

The parties propose the following schedule for the designation of expert witnesses and related Rule 26(a)(2) expert disclosures:

March 17, 2020 – deadline for expert designations and Rule 26(a)(2) expert disclosures for the party with burden of proof;

April 16, 2020 – deadline for expert designations and Rule 26(a)(2) expert disclosures for opposing experts;

May 1, 2020 – deadline for rebuttal expert designations and Rule 26(a)(2) expert disclosures for rebuttal experts

**12.  Requested trial date, estimated length of trial, and whether jury has been demanded.**

The parties request that the trial be set for October 19, 2020.  The parties estimate trial will take two to three days.  Although Plaintiff has demanded a jury, the parties agree that Plaintiff is not entitled to a jury, pursuant to 28 U.S.C. § 2402.

**13.  Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636(c).**

The parties do not agree to trial before a U.S. Magistrate Judge.

**14.  Progress made toward settlement, and the present status of settlement negotiations.  This must be a detailed report.  Do not submit a generic recitation that settlement was discussed but was unsuccessful.**

The parties discussed the possibility of settlement at their conference.  While the parties were not able to reach an agreement, the parties have agreed to continue to discuss settlement, and will have further settlement discussions, including discussions regarding

mediation, following initial written discovery and depositions. They will inform the Court promptly if agreement is reached.

15. **A form of alternative dispute resolution (e.g., mediation, arbitration, summary jury trial, court-supervised settlement conference, or early neutral evaluation) that will be most appropriate for resolving this case and when it would be most effective.**

The parties are open to mediating this matter as discovery progresses. The parties believe a September 1, 2020 deadline for mediation or settlement conference would be appropriate. If they do agree to mediate at a later point, the parties are confident that they will be able to agree on a mediator.

16. **Any other matters relevant to the status and disposition of this case.**

None at this time.

Respectfully submitted,

| | |
|---|---|
| EBERSTEIN & WITHERITE, LLP | ERIN NEALY COX<br>United States Attorney |
| */s/ Micah P. Pardun*<br>Micah P. Pardun<br>Texas Bar No. 24041643<br>Amy K. Witherite<br>Texas Bar No. 00788698<br>10440 N. Central Expressway, Suite 400<br>Dallas, Texas 75231-2228<br>Tel: 214-378-6665<br>Fax: 214-378-6670<br>micah.pardun@ewlawyers.com<br>amy.witherite@ewlawyers.com<br><br>Attorneys for Plaintiff | */s/ Sarah E. Delaney*<br>Sarah E. Delaney<br>Assistant United States Attorney<br>Arizona Bar No. 031722<br>1100 Commerce Street, Third Floor<br>Dallas, Texas  75242-1699<br>Tel:  214-659-8730<br>Fax: 214-659-8807<br>sarah.delaney@usdoj.gov<br><br>Attorneys for Defendant |

## CERTIFICATE OF SERVICE

On September 25, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Sarah E. Delaney*
Sarah E. Delaney
Assistant United States Attorney
